IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES A. BARKER | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-3433-CV-S-DW-H |
| | ) | |
| ROBERT MCFADDEN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Magistrate Judge England's Report and Recommendations on Petitioner's writ of habeas corpus to challenge his sentence (Doc. No. 5) and Petitioner's Exceptions to the Report and Recommendations (Doc. No. 14). After an independent review of the record, the applicable law and the petitioner's arguments, the Court adopts the Magistrate's findings that Petitioner should be denied leave to file *in forma pauperis* and dismisses the petition for writ of habeas corpus without prejudice.

A prisoner in custody under sentence of a federal court who seeks to collaterally challenge the validity of his sentence may file a motion in the sentencing court pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255. A prisoner may not collaterally challenge a federal conviction or sentence with a § 2241 habeas petition unless he can show that the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003).

Petitioner contends his sentence, imposed in January 1991, is unconstitutional under United States v. Booker, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d. 621 (2005) and Blakely v.

Washington, 542 U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).[1] He argues that the so-called "savings clause" is triggered in his case. As the Supreme Court has yet rule on the retroactivity of Booker and Blakely, petitioner argues that the § 2255 remedy is "inadequate or ineffective to test the legality of his sentence." 22 U.S.C. § 2255.

The weight of authority holds that Blakely and Booker are not retroactive. See Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); Varela v. United States, 400 F.3d 864, 866-868 (11th Cir. 2005); United States v. Price, 400 F.3d 844, 845-849 (10th Cir. 2005). Until the Supreme Court holds that Blakely and/or Booker apply retroactively to cases on collateral review, Petitioner cannot raise challenges based thereon as a basis for a § 2241 petition. Tyler v. Cain, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001) (A new rule is not retroactive to cases on collateral review unless the Supreme Court holds it retroactive).

Petitioner contends that if Booker and Blakely are not to be applied retroactively, the Court may possess jurisdiction under § 2241. The court realizes that Blakely and Booker were decided after Petitioner's right to seek relief under § 2255 expired. However, subsequent changes in the law do not render § 2255 "inadequate or ineffective." Tineo v. W.I. LeBlanc, Jr., 2005 WL 740520 (D. Minn. 2005). Further, nothing in his petition establishes that § 2255's remedy would be inadequate or ineffective to address his complaints.

It is hereby ORDERED

Judge England's Report and Recommendations (Doc. No. 5) is adopted in its entirety;

---

[1] In Blakely, the Supreme Court held that the Sixth Amendment bars sentences greater than "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 124 S.Ct. at 2537. In Booker, the Supreme Court held that "two provisions of the Sentencing Reform Act ... that have the effect of making the Guidelines mandatory must be invalidated in order to allow the statute to operate in a manner consistent with congressional intent." Booker, 125 S.Ct. at 746.

Petitioner's exceptions filed herein are OVERRULED;

Petitioner's motion to leave to file *in forma pauperis* is DENIED;

Petitioner's petition for writ of habeas corpus is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

Date: May 16, 2005